**Jordan Dean MAZA, by his parents and natural guardians, Jennifer MAZA and Russell Maza, Petitioner,**

v.

**SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 03–2653 V.

United States Court of Federal Claims.

July 22, 2005.

---

Martin J. Rubenstein, Staten Island, New York, for petitioner.

James A. Reistrup, United States Department of Justice, Vaccine/Torts Branch, Civil Division, Washington, D.C., for respondent.

## OPINION

HODGES, Judge.

Petitioners Jennifer and Russell Maza filed for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa–10 to –34. They allege that their minor child suffered encephalitis as a result of measles-mumps-rubella vaccination. The Special Master dismissed their petition after conducting an evidentiary hearing. She ruled that petitioners failed to demonstrate causation. We affirm the Special Master's decision.

### I.  Background

Jordan Maza was born on November 11, 1999. He received the measles-mumps-rubella vaccine on November 13, 2000. Jordan's mother took him to South Nassau Community Hospital on December 7 because he had a fever. She reported that the fever had appeared on December 4. Jordan suffered a seizure while he was at the hospital. Doctors transferred him to Winthrop University Hospital on December 9, where he was diagnosed with an unspecified viral disease of the nervous system. An MRI showed findings compatible with viral encephalitis.

The hospital discharged Jordan on December 24, but he returned on January 12, 2001 with seizures and a headache. Doctors diagnosed him with right otitis media. Neurological examinations conducted through January 29, 2003 resulted in the diagnosis of encephalitis-seizure disorder-post viral. Dr. Vijaya L. Atluru stated in a letter dated May 2, 2003 that he had "considered the possibility" of MMR vaccine-related encephalitis.

Mr. and Mrs. Maza filed a petition under the National Childhood Vaccine Injury Act on November 6, 2003. Petitioners alleged that the MMR vaccine caused Jordan's encephalitis. The Special Master held a hearing in March 2005. Dr. Mitchell Weiler testified for petitioners that the MMR vaccine must have caused Jordan's encephalitis because he saw no proof that a virus caused it. A test of Jordan's cerebrospinal fluid in December 2000 had shown no abnormalities that suggested a virus.

Dr. Weiler also attached significance to the fact that Jordan's encephalitis occurred within thirty days of his vaccination. The Vaccine Act provides that a blood disorder known as idiopathic thrombocytopenic purpura is presumed to have been caused by the MMR vaccine if it occurs between seven and thirty days after vaccination. Jordan did not have the blood disorder ITP, however, which is unrelated to encephalitis. The Vaccine Injury Table provides that encephalitis is presumed to have been caused by the vaccine if it occurs five to fifteen days after vaccination. Dr. John MacDonald testified for the Government that the MMR vaccine was not the cause of Jordan's encephalitis and that the lack of abnormalities in Jordan's cerebrospinal fluid did not rule out a viral cause.

The Special Master ruled that the symptoms of Jordan's encephalitis had not occurred within the statutorily-prescribed period for a Table injury, and that petitioners did not prove causation-in-fact. Petitioners seek review in this court.

### II.  Discussion

This court may not set aside a Special Master's factual findings or conclusions of

law unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 42 U.S.C. § 300aa–12(e)(2)(B). This court does not re-weigh the evidence on record. *Johnson v. Sec'y of HHS,* 33 Fed.Cl. 712, 725 (1995). The Special Master need not discuss every item of evidence in the record so long as her decision makes clear that she considered the petitioners' arguments. *Snyder v. Sec'y of HHS,* 36 Fed.Cl. 461, 466 (1996). The Special Master may reject the opinions or diagnoses of experts. *See* 42 U.S.C. § 300aa–13(b)(1).

The Vaccine Act authorizes compensation if the court finds on the record as a whole that there is a preponderance of the evidence that the vaccine caused the injury and that the injury was not due to factors unrelated to administration of the vaccine. 42 U.S.C. § 300aa–13(a)(1). The petitioner must show that the victim sustained a listed injury within the period specified by the Vaccine Injury Table or that the vaccine in fact caused the injury. 42 U.S.C. § 300aa–11(c)(1)(C). The Government may rebut the petitioner's showing of causation by showing that the injury was caused by factors unrelated to the vaccine. *See* 42 U.S.C. 300aa–13(a)(1)(B). Vaccines are presumed to have caused injuries occurring within the specified period, while injuries occurring outside the period require proof that the vaccine caused the injury.

Jordan did not develop encephalitis within the five to fifteen-day period specified by the Vaccine Injury Table for encephalitis,[1] so petitioners must prove that the MMR vaccine caused Jordan's encephalitis. *See Grant v. Sec'y of HHS,* 956 F.2d 1144, 1148 (Fed.Cir. 1992). Temporal association alone is not sufficient to establish causation. *Id.* The absence of evidence of other causes does not prove causation either. *Id.* at 1149.

Petitioners' expert admitted that his theory of causation is premised on the fact that he did not find abnormal cerebrospinal fluids suggestive of a viral cause of the encephalitis. Dr. Weiler concluded that the vaccine caused Jordan's encephalitis because he did not believe that a virus did.

Mr. and Mrs. Maza cite several cases to show that proof of causation by a process of elimination is acceptable. For example, the Court of Appeals for the Federal Circuit noted that doctors for the victim could not find alternative causes of the victim's injury in *Bunting v. Secretary of Health and Human Services,* 931 F.2d 867, 872 (Fed.Cir. 1991). However, petitioners must show that the vaccine actually caused the injury. 42 U.S.C. § 300aa–13(a)(1)(A). The petitioner in *Bunting* did so. 931 F.2d at 873. The petitioner's doctor stated that the victim's symptoms were "typical and classical for those reported cases in the large literature that [have] to do with the abnormalities arising as a result of [the vaccine]." *Id.* The court also noted that the Government did not contest the petitioner's theory of causation but only termed it "controversial." *Id.*

Petitioners also cite *Shyface v. Secretary of Health and Human Services,* 165 F.3d 1344, 1351 (Fed.Cir.1999). In that case the Federal Circuit quoted a House of Representatives report on the Act as follows: "If the injury is not demonstrated to have been caused by other, defined illnesses or factors and the injury is demonstrated to have met the *other requirements* of [42 U.S.C. § 300aa–11] and the Table, the injury is to be deemed to be vaccine-related." H.R.Rep. No. 99–908 at 18 (1986), 1986 U.S.C.C.A.N. 6287, 6359 (emphasis added). Petitioners use the report to suggest that causation can be proven by showing that the injury was not caused by other factors. However, one of the Act's "other requirements" is that petitioners affirmatively demonstrate a medical theory causally connecting vaccination to the injury. *Shyface,* 165 F.3d at 1351. The same House Report emphasized that "the petition [for compensation] must affirmatively demonstrate that the injury or aggravation was caused by the vaccine." H.R.Rep. No. 99–908 at 15 (1986), 1986 U.S.C.C.A.N. at 6356.

The *Shyface* court ruled that "but for" causation was necessary, but alone it was not sufficient to establish liability. *Shyface,* 165 F.3d at 1348. *Shyface* was concerned with whether the petitioners proved causation by vaccine when evidence showed that an E.coli

---

1. 42 C.F.R. § 100.3(a)(III).

infection also contributed to the injury. *Id.* at 1346. The court found causation because the injury would not have occurred but for the vaccination, regardless of the E.coli. *Id.* at 1353.

The other cases that petitioners cite may be distinguished. The court in *Jay v. Secretary of Health and Human Services* accepted the petitioners' medical theory of causation because it was uncontradicted. 998 F.2d 979, 984 (Fed.Cir.1993). In *Knudsen v. Secretary of Health and Human Services* the only issue was whether the Government had shown by a preponderance of the evidence that a factor unrelated to the vaccine caused the injury. 35 F.3d 543, 549 (Fed.Cir.1994). Causation was presumed because the injury occurred within the time frame specified by the Vaccine Injury Table, unlike this case. *Id.* at 547.

Petitioners in *Monteverdi v. Secretary of Health and Human Services* also were presumed to have proven causation. 19 Cl.Ct. 409, 427 (1990). The Government offered vague or hypothetical alternative theories of causation that the court rejected. *Id.* The court in *Althen v. Secretary of Health and Human Services* was concerned with whether the Special Master could apply the "Stevens Analytical Framework," a five-part test to determine whether petitioners had shown that the vaccine caused the injury. 58 Fed. Cl. 270, 279 (2003). The court held that the Special Master could not use the test for that purpose. *Id.* at 284–85. The petitioners had demonstrated causation. *Id.* at 286. In this case petitioners did not prove that the vaccine caused the injury.

### III. Conclusion

Symptoms of Jordan Maza's encephalitis began twenty-four days after his vaccination. To qualify as a Table injury, the symptoms must occur within five to fifteen days. Therefore, the injury cannot be presumed to have been caused by the MMR vaccine. Petitioners did not meet their burden of proving causation-in-fact. Absence of proof that the injury was caused by a virus does not itself establish that the vaccine was the cause.

The Special Master's decision was appropriate in the circumstances presented. Her decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. That decision is AFFIRMED.